**In re: MANAGED CARE LITIGATION**

**This Document Relates to
Provider Track Cases**

**MDL No. 1334.
Master File No. 00–1334–MD.**

United States District Court,
S.D. Florida,
Miami Division.

Feb. 10, 2006.

Jack R. Bierig, Scott D. Stein, Sidley Austin, LLP, Chicago, IL, for Non–Party American Medical Association.

V. Robert Denham, Jr., Kathlynn Butler Polvino, Powell Goldstein, LLP, Atlanta, GA, Stanley H. Wakshlag, Akerman Senterfitt, Miami, for Defendant Coventry Health Care, Inc.

### ORDER DENYING DEFENDANTS' MOTION TO COMPEL PRODUCTION

MORENO, District Judge.

THIS MATTER came before the Court upon the *December 5, 2005* Report and Recommendation of Special Master Rodolfo Sorondo, Jr., Esq. (**D.E. No. 4664**), filed by the Court on *December 20, 2005*.

THE COURT has examined the entire file and record and heard oral argument on February 9, 2006. The Court has made a *de novo* review of the issues presented. Being otherwise fully advised in the premises, it is

**ADJUDGED** that the Court declines to adopt Special Master Rodolfo Sorondo, Jr., Esq.'s Report and Recommendation, dated *December 5, 2005*, for the reasons stated below. Accordingly, the Defendants' Motion to Compel production of the Fall 2000 report is DENIED.

### Background

In late 2003, the Defendants served a Rule 30(b)(6) subpoena and notice of deposition upon the American Medical Association. Among other topics, the Defendants indicated that the AMA's representative would be asked to testify regarding:

Any actual or contemplated litigation against any Defendant, including, but not limited to Your assessment or whether to participate as a party in any case consolidated in In re: managed [*sic*] Care Litigation, case [*sic*] No. 00–134–MD–MORENO [*sic*], United States District Court for the Southern District of Florida, Miami Division, including your knowledge as to the AMA Board of Trustees' decision during its October 2002 meeting not to become a party to MDL 1334.

Defendants' Motion at 2 (quoting Rule 30(b)(6) Subpoena and Notice of Deposition). The AMA designated Leonard Nelson, a lawyer in the Office of the General Counsel, as one of its representatives, and the Defendants questioned Mr. Nelson on this topic.

Prior to his deposition, Mr. Nelson reviewed several documents, including the document at issue here, a Fall 2000 report from the Office of the General Counsel to the AMA Board of Trustees discussing whether the AMA should join this litigation as a plaintiff. During his deposition, Mr. Nelson testified that he was not privy to all of the Board's discussions and deliberations related to whether the AMA should join as a party, but mentioned that he reviewed reports sent to the Board and thought about the matter in preparation for the deposition. Specifically, Mr. Nelson noted that he reviewed the Fall 2000 report. The Court has reviewed the report *in camera* and agrees that the document is protected by both the attorney-client privilege and the work product doctrine. Notwithstanding the privileged nature of the document, Special Master Sorondo recommended that the Court order the AMA to turn over the document.

The AMA objects on several grounds. First, the AMA argues that, because Mr. Nelson used the document "to educate" himself rather than "to refresh" his memory as required by Federal Rule of Evidence 612, the Defendants are not entitled to discover the report. Second, the AMA argues that Rule 612 requires the party seeking disclosure to show that the writing had an impact on the testimony of the witness. According to the AMA, the Defendants did not show that the report had any impact on Nelson's testimony. Rather, the AMA argues that Master Sorondo

simply inferred that the report provided a substantial basis for Mr. Nelson's knowledge, but Mr. Nelson never testified that he relied on the document in answering deposition questions. Third, the AMA argues that Master Sorondo misapplied the applicable test when he determined that the interests of justice compelled production. Instead, the AMA argues that the factors weigh against disclosure of the report. Fourth, the AMA notes that Master Sorondo should not have recommended disclosure of the report after concluding that the report is attorney-client privileged and that the AMA did not waive the privilege.

In response, the Defendants argue that the AMA's deliberate choice of a 30(b)(6) designee without personal knowledge of the facts giving rise to the AMA's decision to not participate as a party created the "dilemma" noted by the AMA—the tension between complying with the 30(b)(6) requirements and maintaining the privileged nature of the report. Thus, the Defendants assert that the Court should adopt Master Sorondo's report and recommendation. Second, relying on cases holding that use of a privileged document to refresh a witness' recollection results in automatic waiver of the privilege, the Defendants argue that Mr. Nelson's review of the report resulted in automatic waiver of any privilege. Finally, the Defendants assert that Master Sorondo's analysis and conclusions were correct, and thus, they urge the Court to adopt his recommendations.

**Analysis**

■ Rule 612 provides, in relevant part:

[I]f a witness uses a writing to refresh memory for the purpose of testifying, either—

(1) while testifying, or

(2) before testifying, if the court in its discretion determines it is necessary in the interests of justice,

an adverse party is entitled to have the writing produced at the hearing, to inspect it, to cross-examine the witness thereon, and to introduce in evidence those portions which relate to the testimony of the witness.

According to the leading appellate decision discussing Rule 612, the rule requires proponents of discovery to meet three conditions before they may obtain documents used by a witness before testifying: (1) the witness uses the writing to refresh his memory; (2) the witness uses the writing for the purpose of testifying; and (3) the court determines that production is necessary in the interests of justice. *Sporck v. Peil,* 759 F.2d 312, 317 (3d Cir.1985). Thus, the production of writings used to refresh a witness' recollection prior to testifying is left to the discretion of the court in the interests of justice. *See, e.g.,* Fed. R.Evid. 612 advisory committee's notes.

■ The Advisory Committee Notes to Rule 612 recognize the potential conflict between the need for disclosure and assertions of privilege, stating that "nothing in the Rule [should] be considered as barring the assertion of a privilege with respect to writings used by a witness to refresh his memory." *Id.* Accordingly, courts typically resolve the conflict by balancing the need for disclosure for effective cross-examination with the protection against disclosure afforded by relevant privileges. *See, e.g., Suss v. MSX Int'l Eng'g Servs., Inc.,* 212 F.R.D. 159, 163 (S.D.N.Y.2002); *EEOC v. Continental Airlines, Inc.,* 395 F.Supp.2d 738, 744 (N.D.Ill.2005). Unfortunately, the cases do not provide a uniform framework for analyzing these competing interests. *See, e.g., Suss,* 212 F.R.D. at 163 (noting courts' disparate approaches to balancing the competing interests). This Court finds, as several other

courts have found, that the balancing should be tailored to the particular privilege asserted. *See, e.g., id.; Continental Airlines,* 395 F.Supp.2d at 744.

Here, the document is both attorney-client privileged and protected by the work product doctrine. Because the attorney-client privilege affords greater protection, and because the Court concludes that the attorney-client privilege protects the report from disclosure, the Court need not address the work product doctrine.

 Attorney-client privileged documents are only discoverable upon a showing of waiver. *See, e.g., Suss,* 212 F.R.D. at 163–64 (in the context of Rule 612, stating that a court facing a claim of attorney-client privilege should focus on: (1) whether the party seeking protection properly invoked the privilege and (2) whether the party seeking to invoke the privilege took some action to waive the privilege). In the context of Rule 612, "the relevant inquiry is not simply whether the documents were used to refresh the witness's recollection, but rather whether the documents were used in a manner which waived the attorney-client privilege." *Id.* at 164; *cf. Nutramax Labs., Inc. v. Twin Labs., Inc.,* 183 F.R.D. 458 (D.Md.1998) (setting forth nine factors relevant to determining whether documents protected by the *work product doctrine* should be disclosed and protecting the single attorney-client privileged document from disclosure). This approach is consistent with both the language of Rule 612, which specifically requires a court to determine whether production under the rule is "necessary in the interests of justice," and with the advisory committee's indication that the rule should not preclude invocation of a privilege. Further, this approach recognizes the central importance of the attorney-client privilege to our legal system.

*See generally, Upjohn Co. v. United States,* 449 U.S. 383, 389, 101 S.Ct. 677, 66 L.Ed.2d 584 (1981). Although the Defendants point to a few old district court cases finding that use of a privileged document to refresh a witness' recollection results in an automatic waiver of the privilege, this Court agrees with the more recent decisions holding that automatic waiver is inconsistent with both the plain language of Rule 612 and with the advisory committee notes. *See generally* 28 Charles Alan Wright and Victor James Gold, Federal Practice and Procedure § 6188 (collecting cases supporting automatic waiver approach and noting that most courts now reject that approach in favor of balancing tests).

Examining the record, the Court agrees with Master Sorondo's conclusion that the AMA did not waive the attorney-client privilege. Mr. Nelson, a lawyer in the AMA's Office of the General, reviewed the privileged document along with other materials in preparation for his deposition. None of his testimony during the deposition can be construed as constituting a waiver of the privilege. Accordingly, the Court finds that the interests of justice do not require disclosure of the Fall 2000 report.

**Conclusion**

For the reasons stated above, the Court declines to adopt Special Master Rodolfo Sorondo, Jr., Esq.'s Report and Recommendation, dated ***December 5, 2005.*** As a result, the Defendants' Motion to Compel production of the Fall 2000 report from the AMA Office of General Counsel to the AMA Board of Trustees is DENIED.